# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATHEW TRONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 1:22-cv-01288-CFC |
| | ) |
| NATIONS LENDING | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT NATIONS LENDING CORPORATION'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO
COMPEL ARBITRATION AND DISMISS OR
<u>STAY CASE PENDING ARBITRATION</u>**

Jennifer Gimler Brady (#2874)
Carla M. Jones (#6046)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 – Telephone
jbrady@potteranderson.com
cjones@potteranderson.com

*Attorneys for Defendant Nations Lending Corporation*

Dated: November 30, 2022

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................2

    A. THE ARBITRATION AGREEMENT IS VALID AND
        ENFORCEABLE ......................................................................................2

    B. THE ARBITRATION CLAUSE IS NOT
        UNCONSCIONABLE ..............................................................................3

        1. Plaintiff has not established that the Arbitration
           Agreement is procedurally unconscionable................................4

        2. Plaintiff has not established that the Arbitration
           Agreement is substantively unconscionable...............................7

           a. The time period in which to file for arbitration is
               not vague or unconscionable ............................................7

           b. The attorney's fees and fee-splitting provision is
               not unconscionable ...........................................................9

III. CONCLUSION..................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alexander v. Anthony Int'l, L.P.*,
  341 F.3d 256 (3d Cir. 2003) ..................................................................................8

*Blair v. Scott Specialty Gases*,
  283 F.3d 595 (3d Cir. 2002) ...........................................................................10, 11

*Chemours Co. v. DowDuPont Inc.*,
  2020 WL 1527783 (Del. Ch. Mar. 30, 2020),
  aff'd, 243 A.3d 441 (Del. 2020) ....................................................................3, 4, 5

*Clark v. Ridi Accounting, LLC*,
  2022 WL 16715470 (N.D. Ohio Nov. 4, 2022).....................................................6

*Corl v. Thomas & King*,
  2006 WL 1629740 (Ohio Ct. App. June 13, 2006) ...............................................2

*Elia v. Hertrich Family of Auto. Dealerships, Inc.*,
  103 A.3d 514 (Del. 2014) ...................................................................................2–3

*English v. Cornwell Quality Tools Co., Inc.*,
  2005 WL 3556281 (Ohio Ct. App. Dec. 30, 2005) ..................................3, 4, 10

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991)................................................................................................7

*Gonzalez v. Citigroup*,
  2009 WL 2340678 (D. Del. July 30, 2009) ..........................................................9

*Hall v. Treasure Bay Virgin Islands Corp.*,
  371 Fed. Appx. 311 (3d Cir. 2010).....................................................................10

*Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*,
  16 F. Supp. 3d 922 (S.D. Ohio 2014) ...................................................................2

*Madhat v. Lipsey Commc'ns, LLC*,
  2020 WL 5250453 (N.D. Ohio Sept. 3, 2020) ...............................................6, 7, 9

*Maxwell v. Cellco P'ship*,
  2019 WL 5587313 (D. Del. Oct. 30, 2019) ......................................................3, 5

Case 1:22-cv-01288-CFC   Document 12   Filed 11/30/22   Page 4 of 16 PageID #: 133

*Raasch v. NCR Corp.*,
    254 F. Supp. 2d 847 (S.D. Ohio 2003) ................................................................10

*Schrock v. Nomac Drilling, LLC*,
    2016 WL 1181484 (W.D. Pa. Mar. 28, 2016) ......................................................11

*Short v. Res. Title Agency, Inc.*,
    2011 WL 1203906 (Ohio Ct. App. Mar. 31, 2011) ................................................5

*Taylor Building Corporation of America v. Benfield*,
    884 N.E. 2d 12 (Ohio 2008) .............................................................................3, 4

*Thomas v. Hyundai*,
    154 N.E.3d 701 (Ohio Ct. App. 2020) ..................................................................5

*Thurman v. DaimlerChrysler, Inc.*,
    397 F.3d 352 (6th Cir. 2004) ................................................................................8

**OTHER AUTHORITIES**

https://adr.org/sites/default/files/Employment-Rules-Web.pdf ................................9

2 Williston on Contracts
    § 6:44 (4th ed.) ......................................................................................................2

Defendant Nations Lending Corporation ("Nations Lending" or Defendant") respectfully submits this reply brief in further support of its motion to compel arbitration and dismiss or stay pending arbitration.

## I. INTRODUCTION

As set forth in Nations Lending's Opening Brief (D.I. 7), the Court should compel Plaintiff to arbitrate the claims he asserts in this action and dismiss this case, or alternatively, stay the case pending arbitration. Pursuant to the unambiguous terms of the Arbitration Agreement, Plaintiff and Nations Lending mutually agreed to waive all rights to civil suit in favor of binding arbitration, including claims arising out of Plaintiff's employment or the cessation of his employment.[1]

Plaintiff does not dispute that he signed the Arbitration Agreement, or that the Arbitration Agreement was supported by valid consideration. Instead, in his Answering Brief, Plaintiff claims that the Arbitration Agreement is invalid because the Employment Agreement was not signed by Nations Lending. Plaintiff also attempts to void the Arbitration Agreement by vaguely asserting that it is unconscionable. Despite Plaintiff's unsupported and conclusory arguments, the Arbitration Agreement is a valid and enforceable contract, and consistent with the

---

[1] Defendant does not dispute that the Employment Agreement is governed by Ohio state law. The same result would be reached applying Delaware law.

long-standing policy in favor of arbitration, this Court should compel Plaintiff to submit his claims to arbitration.

## II.   ARGUMENT

### A. THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE

Plaintiff attempts to avoid application of the Arbitration Agreement based on a lack of signature by a Nations Lending representative. (Ans. Br. at 10–11). While the Arbitration Agreement is not signed by Nations Lending, it is nonetheless a valid and enforceable written agreement under both Ohio and Delaware law. *See e.g.*, *Corl v. Thomas & King*, 2006 WL 1629740, at *2 (Ohio Ct. App. June 13, 2006) ("An arbitration agreement must be in writing in order to be enforceable. . . even though the parties need not sign the agreement"); *Elia v. Hertrich Family of Auto. Dealerships, Inc.*, 103 A.3d 514 (Del. 2014) (TABLE) ("[A] party who signs a contract may be bound by it even when the other party does not sign it, *especially when both parties continue to enjoy the benefit of their bargain*.") (emphasis added); 2 Williston on Contracts § 6:44 (4th ed.) ("[A]ny written contract, though signed by only one party, will bind the other if he or she accepts the writing").

Despite the lack of Nations Lending's signature, Trone signed both the Employment Agreement and Arbitration Agreement, evidencing that he read, understood and agreed to all the terms therein. *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 933 (S.D. Ohio 2014); *Elia*, 103

A.3d 514. Both parties enjoyed a consensual contractual relationship and there can be no legitimate dispute that Plaintiff entered into a binding agreement with Defendant.

Also, because the Arbitration Agreement is a valid and enforceable contract, Plaintiff's argument that this Court should decide whether Plaintiff's claim is arbitrable should be rejected. (Ans. Br. at 8–9). The Arbitration Agreement clearly and unequivocally delegates the question of arbitrability to the arbitrator, and the express terms of the parties' contract should control.

## B. THE ARBITRATION CLAUSE IS NOT UNCONSCIONABLE

To establish that the arbitration agreement is unconscionable, it is Plaintiff's burden to prove both procedural and substantive unconscionability. *See Taylor Building Corporation of America v. Benfield*, 884 N.E. 2d 12, 20 (Ohio 2008); *Maxwell v. Cellco P'ship*, 2019 WL 5587313, at *7 (D. Del. Oct. 30, 2019), *report and recommendation adopted*, 2020 WL 9432699 (D. Del. Feb. 7, 2020). Procedural unconscionability refers to the formation of the agreement or the procedures that led to the agreement. *English v. Cornwell Quality Tools Co., Inc.*, 2005 WL 3556281, at *2 (Ohio Ct. App. Dec. 30, 2005); *Chemours Co. v. DowDuPont Inc.*, 2020 WL 1527783, at *12 (Del. Ch. Mar. 30, 2020), *aff'd*, 243 A.3d 441 (Del. 2020) (internal citation and quotation marks omitted). Substantive unconscionability concerns the actual terms of the agreement, such that contract

terms are substantively unconscionable if they are unfair and commercially unreasonable. *English*, 2005 WL 3556281, at *2; *Chemours Co.*, 2020 WL 1527783, at *12 (substantive unconscionability "tests the substance of the exchange: a contract will be deemed substantively unconscionable if the terms evidence a gross imbalance that 'shocks the conscience'") (internal citation and quotation marks omitted).

### 1. Plaintiff has not established that the Arbitration Agreement is procedurally unconscionable.

Plaintiff does not dispute the circumstances surrounding his execution of the Arbitration Agreement and Plaintiff does not contest that he voluntarily signed the agreement. Instead, Plaintiff vaguely asserts that the Arbitration Agreement is procedurally unconscionable because of the difference in bargaining power between the parties. (Ans. Br. at 11–12). Plaintiff's conclusory assertion of unequal bargaining power is insufficient to invalidate the Arbitration Agreement, and Plaintiff fails to cite any case law supporting his argument of procedural unconscionability.

Procedural unconscionability "considers the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, who drafted the contract, whether alterations in the printed terms were possible, and whether there were alternative sources of supply for the goods in question." *Taylor*, 884 N.E.2d at 22 (Ohio 2008) (internal citation

and quotation marks omitted); *Chemours Co.*, 2020 WL 1527783, at *12 (courts focus on "the relative bargaining strength of the parties and whether the weaker party could make a meaningful choice") (citation omitted). Plaintiff, who admits that he has a college education and nearly 17 years' experience as a loan officer (Ans. at 11),[2] offers no evidence to show that the circumstances surrounding the execution of the Arbitration Agreement were so one-sided as to render the agreement procedurally unconscionable.

Moreover, Plaintiff's unsupported assertion that the Arbitration Agreement is procedurally unconscionable because he was "required to sign the Employment Agreement as a condition of employment" is contrary to the law. (Ans. Br. at 11). *See Thomas v. Hyundai*, 154 N.E.3d 701, 710 (Ohio Ct. App. 2020) (rejecting argument that employment agreement was procedurally unconscionable because employee had no choice but to sign the agreement in order to keep his job); *Maxwell*, 2019 WL 5587313, at *7 ("Plaintiffs' conclusory statements that they were presented with a 'take it or leave it offer' and that the arbitration provision was 'misleading' are also insufficient to show procedural unconscionability."); *Short v. Res. Title Agency, Inc.*, 2011 WL 1203906, at *4 (Ohio Ct. App. Mar. 31, 2011)

---

[2] Indeed, in Plaintiff's Charge of Discrimination, he represented that he had over a million dollars in sales [pending loans] in August 2020 and $2.5 million in process at the time of his discharge, further belying Plaintiff's suggestion that he is unsophisticated in business matters. *See* Declaration of Carla M. Jones, filed contemporaneously herewith, at Exhibit A.

5

("when a candidate for employment is free to look elsewhere for employment and is not otherwise forced to consent to the arbitration agreement, the agreement to arbitrate is not unconscionable."); *Madhat v. Lipsey Commc'ns, LLC*, 2020 WL 5250453, at *6 (N.D. Ohio Sept. 3, 2020); *Clark v. Ridi Accounting, LLC*, 2022 WL 16715470, at *7 (N.D. Ohio Nov. 4, 2022). The Arbitration Agreement was clearly identified as Supplement C to the Employment Agreement. Plaintiff explicitly signed both the Employment Agreement and Arbitration Agreement. Paragraph 12 of the Employment Agreement, which is defined to include the supplements, further states that "Employee acknowledges that he or she has been given sufficient time and opportunity to review, consider, and obtain advice in connection with the execution of this Agreement, and that Employee has not been forced to sign this Agreement, or any part thereof under duress." Asher Decl., Ex. 1 at 7 (D.I. 8). At a minimum, Plaintiff could have inquired further to learn more before signing the Arbitration Agreement, objected to its inclusion, or refused to sign the Arbitration Agreement and pursued employment elsewhere.

Here, the Arbitration Agreement was clearly labeled and both parties agreed to waive all rights to civil suit in favor of binding arbitration. Plaintiff voluntarily signed the Arbitration Agreement and had a reasonable opportunity to understand and seek advice regarding the terms of the Arbitration Agreement. Accordingly, Plaintiff's generalized grievance that Nations Lending is more sophisticated is

6

insufficient to establish that the Arbitration Agreement is procedurally unconscionable and runs contrary to the general presumption under federal, Ohio, and Delaware law favoring enforcement of arbitration agreements.  *Madhat*, 2020 WL 5250453, at *5 ("generalized grievances related to the Agreement—such as employer superior knowledge and employee (perceived) inability to alter the agreement—would work to invalidate nearly all employment-related arbitration agreements."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context.").

### 2. Plaintiff has not established that the Arbitration Agreement is substantively unconscionable.

Plaintiff also argues that the Arbitration Agreement is substantively unconscionable because: (1) the time period in which to file for arbitration is vague (Ans. Br. at 12–14); (2) the requirement that Trone pay his own attorney's fees is unconscionable (*id.* at 14–15); and (3) the requirement that Trone split the costs of arbitration with Nations Lending is unconscionable (*id.* at 15–16).  Each argument should be rejected.

#### a. The time period in which to file for arbitration is not vague or unconscionable.

The Arbitration Agreement provides that "[a] request for arbitration must be filed by either party within applicable federal and state law statutes of limitation."

7

Asher Decl., Ex. 1 at C-2.  There is nothing substantively unconscionable or unreasonable about this time limit, as Plaintiff was required to request arbitration within the same time limits as he was required to file his claims in federal or state court.  *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 266 (3d Cir. 2003) (a "provision limiting the time to bring a claim or provide notice of such a claim to the defendant is not necessarily unfair or otherwise unconscionable. But such a time period must still be reasonable"); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 358 (6th Cir. 2004) (six-month statute of limitations for a Section 1981 lawsuit was reasonable).

Plaintiff only contends that "[i]t is unfair and unreasonable to expect Trone to properly discern a time limit in which he was required to file a request for arbitration" and Nations Lending could have put Trone on notice of the looming deadline "but it failed to do so."[3] (Ans. Br. at 14).  Plaintiff cites no legal authority in support of this contention, which is not surprising, as "[a] party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms" and "nothing requires that an arbitration agreement be explained orally to a party

---

[3] Plaintiff cannot dispute that he had a copy of the entire Employment Agreement as of October 2020, including the Arbitration Agreement.  *See* Declaration of R. Christopher Baker, filed contemporaneously herewith, at Ex. 1 (Oct. 12, 2020 letter from C. Baker to M. Trone enclosing Employment Agreement). *See also*, Ex. A to Plaintiff's Answering Brief (Oct. 16, 2020 Letter from C. Baker to M. Trone referencing Employment Agreement signed by Plaintiff on October 1, 2019).

8

prior to obtaining the party's signature." *Madhat*, 2020 WL 5250453, at *4 (internal citation and quotation marks omitted).

### b. The attorney's fees and fee-splitting provision is not unconscionable.

The Arbitration Agreement provides that each party shall bear their respective costs, however, the Arbitration Agreement further states that "a final determination of costs is within the power of the arbiter."  Asher Decl., Ex. 1 at C-1.  The Arbitration Agreement also provides that the commercial rules of the American Arbitration Association ("AAA") shall apply and govern the arbitration. *Id.*  The Employment Arbitration Rules and Mediation Procedures of the AAA provide that "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law." *See* https://adr.org/sites/default/files/Employment-Rules-Web.pdf at ¶ 39(d).  Thus, and contrary to Plaintiff's assertion, the Arbitration Agreement does not require Plaintiff to surrender eligibility to recover costs, expenses, and attorney's fees. *See e.g.*, *Gonzalez v. Citigroup*, 2009 WL 2340678, at *2 (D. Del. July 30, 2009) (finding that plaintiff failed to make a sufficient showing that arbitration agreements were unconscionable, reasoning that plaintiff did not forgo substantive rights afforded by Title VII where the agreements stated that the arbitrator had authority to award attorneys' fees).

9

Further, the mere existence of a fee-splitting provision in an arbitration agreement does not render it unenforceable under both Ohio and Delaware law. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 607 (3d Cir. 2002); *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847 (S.D. Ohio 2003) (fee-splitting provision in arbitration agreement, which required employee to pay upfront half the costs of arbitration, was not unconscionable under Ohio law). "[A] party seeking to declare a provision awarding arbitration costs unenforceable must proffer some credible and substantiated evidence of that party's financial situation as well as the specific costs of arbitration." *Hall v. Treasure Bay Virgin Islands Corp.*, 371 Fed. Appx. 311, 313 (3d Cir. 2010) (citing *Blair*, 283 F.3d at 607; *Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 284 (3d Cir. 2004)); *English*, 2005 WL 3556281, at *4–5. In support of Plaintiff's assertion that the fee-splitting provision is unconscionable, Plaintiff merely offers that "[i]f the case were to proceed in this Court, Trone would pay $400 to commence litigation" and "costs for arbitration would be substantially higher." (Ans. Br. at 15). This is insufficient to satisfy Plaintiff's burden.

Plaintiff's reliance upon *Blair* also is inapposite. The Court in *Blair* rejected a *per se* rule that a fee-splitting provision renders an arbitration agreement unconscionable. Instead, in *Blair*, the court applied a case-by-case approach and found that remand for limited discovery was appropriate in that case "in light of [plaintiff's] affidavit of her limited financial capacity, the evidence that the AAA

would preside over the arbitration, and the AAA rules requiring the parties to bear equally the costs of the arbitrator's fees." 283 F.3d at 610.

Here, Plaintiff has come forth with no evidence regarding his ability to pay even though he is in "sole custody" of this information. *Schrock v. Nomac Drilling, LLC*, 2016 WL 1181484, at *5 n.4 (W.D. Pa. Mar. 28, 2016). Moreover, the Arbitration Agreement states that "a final determination of costs is within the power of the arbiter," and Plaintiff's unsupported and conclusory assertion that "[c]osts for arbitration would be substantially higher" is insufficient to establish that the Arbitration Agreement is unconscionable.

## III.   CONCLUSION

For the reasons stated herein and in its Opening Brief, Nations Lending respectfully requests that the Court grant Nations Lending's motion to compel arbitration and dismiss this action, or alternatively, stay the case pending arbitration.

        POTTER ANDERSON & CORROON LLP

By: */s/ Jennifer Gimler Brady*
    Jennifer Gimler Brady (#2874)
    Carla M. Jones (#6046)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000 – Telephone
    jbrady@potteranderson.com
    cjones@potteranderson.com

Dated:  November 30, 2022

*Attorneys for Defendant Nations Lending Corporation*